JESSE S. CARMAN, Respondent, *v.* MOSES S. BEACH, Appellant.

63    97
142    74

Plaintiff was employed by defendant as broker to sell or negotiate a sale of certain real estate; plaintiff, at the time, was broker for M.; subsequently defendant proposed to plaintiff an exchange of his premises for those of M. and an exchange was effected, plaintiff acting in the negotiation for M. In an action to recover commissions, *held*, that plaintiff was not entitled to recover; that no right to compensation arose under the original employment as plaintiff neither sold nor negotiated a sale; that when plaintiff undertook to act for M. it was equivalent to a renunciation of the agency for defendant, and nothing short of an unequivocal recognition thereafter by the parties of its existence would establish it.

(Argued October 1, 1875; decided November 9, 1875.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover commissions alleged to have been earned by plaintiff, as real estate broker, in negotiating an exchange of a farm belonging to plaintiff for premises of one Martin.

The referee found the employment of plaintiff by defendant to negotiate the sale or exchange of the farm at an agreed per centage; that plaintiff did negotiate the exchange, and directed judgment for the amount of the per centage.

The testimony on the part of plaintiff was to the effect that he saw an advertisement of defendant's property, and called upon him, stating he was a broker; that defendant said he wanted to sell, that the valuation of his farm was $80,000 or $90,000. Plaintiff told defendant if he did any thing he should expect the usual commissions, two and a half per cent; that it was difficult to sell country property for cash; defendant made no reply. Plaintiff was then acting as broker for one W. R. Martin, having in charge, among other pieces of property, certain premises in Brooklyn. In 'a few days after the conversation above stated, defendant proposed an exchange and negotiations were opened, resulting in a contract between defendant and Martin for the exchange of their respective premises. In such negotiations plaintiff acted for Martin and one Duncan for defendant. The exchange was never consummated, defendant declining on account of a defect in the title. Defendant's counsel moved for a nonsuit on the ground that plaintiff was Martin's broker; this motion was denied; defendant's counsel duly excepted. Duncan testified that he arranged with plaintiff that they should divide the commissions received by them, the commissions on country property being more than on city property, of which arrangement he advised defendant, and witness wrote a memorandum, stating the terms of the exchange, and that he (defendant), would 'pay two and a half per cent on $45,000

This was offered in evidence by plaintiff. Further facts appear in the opinion.

*E. H. Benn* for the appellant. Plaintiff having been employed by Martin had no right of action against defendant. (*McDonald* v. *Lord*, 26 How., 404; *N. Y. Cent. Ins. Co.* v. *Nat. Pro. Ins. Co.*, 14 N. Y., 85; *Ritt* v. *Wash. M. Ins. Co.*, 41 Barb., 353; *Gardner* v. *Ogden*, 22 N. Y., 347, 348; *Barnes* v. *Roberts*, 5 Bosw., 73, 83, 84; *Briggs* v. *Rowe*, 4 Keyes, 424; *Paige* v. *Fazackerly*, 36 Barb., 392.)

*Edgar M. Cullen* for the respondent. Defendant being aware that plaintiff was Martin's broker, that fact was no bar to plaintiff's recovery. (*Rowe* v. *Stevens*, 53 N. Y., 621.) Plaintiff's right to commissions accrued on signing the contract with defendant, and did not depend upon its being carried out. (*Barnard* v. *Monroe*, 3 Keyes, 203.)

ANDREWS, J. It was incumbent upon the plaintiff, in order to recover, to show an employment by the defendant, and services rendered in pursuance thereof. The evidence of an original employment rests solely upon the testimony of the plaintiff. The defendant explicitly denies any contract to employ the plaintiff, or to pay him for services; but the evidence of the plaintiff, although not very satisfactory as to the existence of a contract of hiring, was *prima facie* sufficient to authorize the referee to find an employment of the plaintiff to negotiate a sale of the defendant's farm.

The plaintiff testifies that he saw the defendant's advertisement of the property for sale, and called upon him and stated that he had seen the advertisement, and that he was à broker. The defendant said he wanted to sell, and that the valuation of the farm was $80,000 or $90,000. He told the defendant if he did any thing he should expect the usual commission — two and a-half per cent; and that it was difficult to sell country property for cash. The defendant made no direct reply to the suggestion as to commissions, but told the plaintiff to see what he could do. It is material

to notice that the employment which this evidence tended to establish was an employment of the plaintiff as the agent of the defendant, to sell or negotiate a sale of the farm for cash or its equivalent, and had no reference to an exchange of the farm for other real property. It was not suggested by the plaintiff that he was the agent for other parties desiring to purchase or having property to exchange. If the plaintiff proceeded to act under this employment it was his duty to act solely for and in the defendant's interest. This, although not expressed, was implied in the contract. The defendant was entitled to the disinterested efforts and judgment of the plaintiff in the matter of the agency, and if the plaintiff had procured a purchaser, for whom he was also acting as agent, without disclosing the fact to the defendant, it would have constituted such a fraud as would have precluded him from recovering any compensation. (Story on Agency, § 31; *Farnsworth* v. *Hemmer*, 1 Allen, 494; *Claflin* v. *The Farmers and Citizens' Bank*, 25 N. Y., 293; *Gardner* v. *Ogden*, 22 id., 347.)

It is an undisputed fact in the case, that the contract between the defendant and Martin, for the exchange of the farm for Brooklyn property, was negotiated, on the part of Martin, by the plaintiff, acting as his agent and broker, and this action is brought to recover compensation for services in effecting this contract, on the ground that the plaintiff was acting as agent also of the defendant. It is clear that the right to compensation claimed cannot be sustained upon the evidence of the original agreement or employment. That related to a sale and not to an exchange, and it is not pretended that the agency of the plaintiff for Martin (although it then existed) was disclosed to the defendant. It was some time after this that the defendant proposed to the plaintiff an exchange. It was then known to him that the plaintiff was Martin's broker, and the subsequent negotiation was conducted apparently in view of that fact, Duncan acting for and representing the defendant, and the plaintiff acting for Martin. When the plaintiff undertook to deal for Martin, it

was equivalent to a renunciation of the agency for the defendant, and nothing short of an unequivocal recognition by the parties thereafter of the existence of the agency should be regarded as sufficient to establish it. Of this there is no proof. The memorandum relied on, if exhibited to the plaintiff, was quite consistent with the fact that Duncan was the defendant's agent, and that the plaintiff was not. The understanding expressed in the memorandum, that both commissions were to be divided, implies that each party to the contract was acting by a separate agent.

We think the proof failed to show any liability from the defendant to the plaintiff, and that the judgment should be reversed, and new trial granted, costs to abide event.

All concur.

Judgment reversed.