ELI W. BLAKE, RESPONDENT, v. GEORGE M. WHEELER, CHESTER GRISWOLD AND JACOB W. HOYSRADT, APPELLANTS, IMPLEADED, ETC.

SAMUEL BONNELL. JR., RESPONDENT, v. SAME APPEL-LANTS.

*Manufacturing corporation — report must comply with chapter 333 of 1853, as well as chapter 40 of 1848 — to what extent a trustee may terminate his individual liability by resigning.*

The report required to be filed by the trustees of corporations created under chapter 40 of 1848 must contain not only the facts required thereby, but also the additional facts required by chapter 333 of 1853; and for a failure of the report to comply with the requirements of both statutes, the trustees become liable for all debts of the company, as provided by section 12 of the act of 1848.

A trustee of a corporation formed under chapter 40 of 1848 may resign and relieve himself from liability thereafter incurred by it, though the resignation be not acted upon by the board of trustees or entered in the books of the corporation.

APPEALS from judgments in favor of the plaintiffs in the above entitled actions, entered upon the trial of them by the court without a jury.

August 12, 1869, the Iron Mountain Company, of Lake Champlain, was organized under chapter 40, Laws of 1848, and the several acts amending and extending the same, with a capital stock of $2,000,000, divided into 20,000 shares of $100 each. The business of the corporation was mining and selling ores, manufacturing ores mined, and selling the products.

The trustees for the first year were the defendants and four other persons, who were to hold office until the second Wednesday of August, 1870, when, and on each second Wednesday of August thereafter, an election for trustees was to be held, but such an election never was held. The whole capital stock was issued to Richard Remington in payment for mineral lands conveyed to the company. August 24, 1869, 100 shares of the stock were transferred to each of the defendants, neither paying any consideration

therefor. January 13, 1870, a report was signed by George M. Wheeler, president, John A. Griswold, Chester Griswold and C. D. Schubartt, trustees, stating that the capital stock, $2,000,000, had been paid up in full, and that the debts amounted to $375,000.

This report did not state, what was the fact, that the stock had been issued for property, instead of money.

March 12, 1870, the corporation, for value, gave two promissory notes to the Birmingham Iron Foundry, one for $3,318.52, due in four months, and one for $2,193.14, due in six months, which were transferred before due to Samuel Bonnell, jr., the plaintiff in the second above entitled action.

April 17, 1870, Hoysradt surrendered his stock, and May 9, 1870, resigned as a trustee.

June 28, 1870, the corporation became indebted to Eli W. Blake the plaintiff in the first above entitled action, in the sum of $1,247.40 for merchandise sold. November 25, 1870, the corporation was adjudicated a bankrupt, and November 21, 1874, it was dissolved by a judgment in an action brought in the name of the People by the attorney-general.

January 20, 1871, a second report (under section 12 of the act of 1848) was made, and was filed January 23, 1871, which stated that the capital stock of the corporation had been paid in in full by mining property necessary for the company's business, and that the debts of the corporation amounted to $437,093.68.

This report was signed by the three defendants and John A. Griswold (now deceased). The claims of the plaintiffs not being paid, these actions were brought April 12, 1873, to charge the defendants personally, upon the grounds : (1.) That the company failed to file and publish a report in January, 1870, as required by section 12 of the act, and section 2 of the act of 1853 (chap. 333). (2.) That the report filed in 1870 was false. (3.) That the defendants conspired with others to organize a fraudulent corporation with intent to deceive and defraud the public, and did deceive and defraud the plaintiff.

The action was tried at Special Term, and the court found with the defendants on the second and third causes of action, but held the defendants liable, upon the ground that the report of 1870 did not comply with the statute.

From this judgment the defendants appeal. The defendants answered separately.

*Wm. C. Holbrook,* for the appellants.

*Pond & French,* for the respondents.

FOLLETT, J. :

Corporations formed under chapter 40, Laws of 1848, are required within twenty days from the first day of January of each year to make, file and publish a report stating the amount of its capital, the proportion thereof actually paid in, and the amount of its existing debts, which must be signed by the president and a majority of the trustees and verified by the oath of the president or secretary. If a report is not made, published and filed as required, all of the trustees are jointly and severally liable for all debts of the corporation then existing, and for all debts contracted before a report shall be made. (§ 12.) Under this act all the capital stock was required to be paid in money. (§§ 10, 14.)

By chapter 333 of the Laws of 1853 the trustees of corporations formed under the act of 1848 were authorized to purchase property necessary for the business of the corporation, and issue stock for its value in payment therefor, but all reports must show that stock had been so issued for property instead of money.

The defendants insist that they did not become liable under section 12 by failing to comply with the act of 1853 in regard to reports. This act does not abrogate the liability of trustees for neglecting to report, but in case stock has been issued for property, that additional fact must be stated in the report, and it must conform to both statutes. (*Whitney Arms Co.* v. *Barlow,* 63 N. Y., 66.)

We think the liability created by section 12 is incurred by failing to report as required by the act of 1853. This act is entitled " an act to *amend* " chap. 40, Laws 1848, and it was said in *Boynton* v. *Andrews* (63 N. Y., 97), and in *Boynton* v. *Hatch* (47 id., 230), that the act of 1853 was an amendment of the act of 1848. But it is immaterial whether it is strictly an amendatory

act or not, because these statutes are in *pari materia* and must be taken together. (*Boynton* v. *Hatch*, 47 N. Y., 228.)

In *Duck* v. *Addington* (4 D. & E., 447), several statutes passed at different times, regulating the conduct of hackney coachmen, were considered by Lord MANSFIELD.

The last act did not give, in terms, power to magistrates to commit immediately, as did the former statutes; it was held that these statutes being in *pari materia* and forming one general system of law upon the subject, that the penalties provided by the earlier acts were applicable to like violations of the later acts.

In *Rogers* v. *Bradshaw* (20 Johns., 735), it was held by the Court of Errors that a remedy provided by one statute will be extended to cases arising in the same matter under a subsequent statute, the two statutes being in *pari materia;* the same doctrine was again held in *Rexford* v. *Knight* (15 Barb., 627), which was affirmed (11 N. Y., 308). This is in accordance with the decision of *Pier* v. *George* (14 Hun, 568).

"If one statute prohibit the doing a thing, and another statute be afterwards made whereby a forfeiture is inflicted upon the person doing that thing, both are considered as one statute. When an action founded upon one statute, is given by a subsequent statute in a new case, everything annexed to the action by the first statute is likewise given. Indeed, the latter act may be considered as incorporated with the former." (Potters Dwaris on Statutes, 189–190.)

The report of January, 1870, omitted to state that the capital stock of the corporation was issued for property instead of for money, which omission made the trustees liable for all debts then existing, and all debts contracted during their trusteeship, and before such a report as the statute requires should be filed. A further report was not filed until January 20, 1871, and in the meantime the debts of these plaintiffs were incurred, for which the defendants became liable if they were trustees when incurred. *Wheeler* and *Griswold* concede that they remained trustees during the years 1870 and 1871, but Hoysradt claims to have resigned before the plaintiffs debts were contracted.

A trustee of a corporation, formed under these acts, may

resign and relieve himself from liabilities thereafter incurred, though the resignation be not acted upon by the board of trustees or entered in the books of the corporation. (*Chandler v. Hoag*, 2 Hun, 613 ; affirmed, 63 N. Y., 624). Hoysradt's letter of November, 1869, to Remington, requesting that his resignation be presented, was not acted upon by Remington, and did not amount to a resignation. Nothing further was done in this connection until April 17, 1870, when Hoysradt surrendered his stock, and May 9, 1870, actually resigned, thus terminating all connection with the company as stockholder or trustee. The claim of Bonnell accrued in March, 1870, and the liability of Hoysradt for it had become fixed before he resigned his trusteeship or parted with his stock.

But the claim of Blake accrued in June, 1870, after Hoysradt's connection with the corporation had been completely severed, and he cannot be charged with it unless he is estopped from denying his trusteeship by reason of signing the report of January 20, 1871.

There are none of the elements of an estoppel in the transaction. Blake did not credit the corporation upon this report, nor did he act, or omit action in any particular by reason of this report. Before the report of January 20, 1871, the corporation had been adjudged bankrupt by the United States District Court.

After Hoysradt had vacated his trusteeship, he could not again become a trustee without an election, which did not take place.

It follows that Hoysradt is not liable for the claim of Blake.

The report of 1870 wholly fails to comply with the statute in not being legally verified by any person. There is no affirmation by any person that the statements contained in this report are true, nor does it appear which one of the persons verified it. Every essential feature of an affidavit is lacking except the jurat.

Entertaining these views in regard to the liability of the defendants, it is wholly unnecessary to consider the other objections urged by the plaintiff to this report ; nor is it necessary to consider whether the trustees of a corporation organized and conducted

in the manner disclosed by the evidence, are, or are not, liable for all debts contracted during their trusteeship, on the grounds that the corporation was a fraudulent enterprise unwarranted by the statute. The transfer of the notes to Bonnell carried the right of action given by the statute against the defendants. (*Pier* v. *George*, 14 Hun, 568.) The exception taken by the defendants to the admission and exclusion of evidence on the trial were not argued before this court, and they seem immaterial.

The judgment in the case of Bonnell against the defendants is affirmed, with costs

The judgment in the case of Blake against the defendants is affirmed, with costs as to the defendants Wheeler and Griswold, but as to the defendant Hoysradt it is reversed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

First case. Judgment affirmed, with costs as to Wheeler and Griswold, and reversed, with costs as to Hoysradt.

Second case. Judgment affirmed, with costs.