Dayton v. Hayes.

---

## New York Marine Court.

*Trial Term—January*, 1881.

### DAYTON *against* HAYES.

Master and Servant.—Discharge of Employee.—If a servant, without the consent of his master, engage in any employment or business, for himself or another, which may tend to injure his master's trade or business, he may lawfully be discharged before the expiration of the agreed term of service. No man shall be allowed to have an interest against his duty.

#### CHARGE TO THE JURY.

Judge McADAM, after detailing the facts and the issues to be tried, referring to the relation of master and servant, said:

" The law exacts from an employee or agent, his skill in and fidelity to the interest and prosperity of his employer, and will not permit the employee to have any adverse interest nor allow him to engage in any rival employment."

The court, after referring to the case of Dieringer *v*. Meyer, 42 *Wisc*. 312, as containing the rule of law applicable, continued:

Dayton v. Hayes.

"It is well settled that if a servant, without the consent of his master, engage in any employment or business for himself or another, which may tend to injure his master's trade or business, he may lawfully be discharged before the expiration of the agreed term of service. This is so because it is the duty of the servant, not only to give his time and attention to his master's business, but, by all lawful means at his command, to protect and advance his master's interests. But when the servant engages in a business which brings him in direct competition with his master, the tendency is to injure or endanger, not to protect and promote, the interests of the latter. It was said by Lord ELLENBOROUGH, in a discussion of this subject in Thompson v. Havelock, 1 Campb. 527, that 'no man shall be allowed to have an interest against his duty.' Manifestly, when a servant becomes engaged in a business which necessarily renders him a competitor and rival of his master, no matter how much or how little time and attention he devotes to it, he has an interest against his duty. It would be monstrous to hold that the master is bound to retain the servant in his employment after he has thus voluntarily put himself in an attitude hostile to his master's interests.

"The fact may be, in certain cases, that, notwithstanding the servant has engaged in a rival business, still he has given his whole time and attention to the business of his master. But the existence of that fact will not take a case out of the rule above stated, for the reason that the servant would yet have an interest against his duty."

After submitting the propositions upon which the jury were to pass, they retired and found a verdict for the defendant.

No appeal was taken.

Upon the point involved, see also *Story on Agency*, § 334; 40 *Mich.* 375; 19 *Alb. L. J.* 406; 63 *N. Y.* 97; 25 *Id.* 293; 22 *Id.* 347; 113 *Mass.* 133; 9 *L. R.* 480; 41 *Wisc.* 311.