## WILLIAM H. KNAUSS, APPELLANT, v. GOTTFRIED KRUE-GER BREWING COMPANY, RESPONDENT.

*Principal and agent — agent taking commissions from both parties — his duty to state it to his principal.*

A broker, who was employed to sell a brewery, went to a person who intended to purchase and secured from him an agreement that he should be paid a certain sum if the sale was consummated, concealing from each party his agreement with the other.

*Held*, that although a sale was made he could not recover for his services from the owner of the brewery.

That the relation of principal and agent was one requiring the fullest good faith, and the omission of an agent to disclose to his principal the existence of any interest likely to influence his conduct as an agent was a fraud upon the principal and prevented any recovery from him by the agent.

APPEAL by the plaintiff William H. Knauss from a judgment, entered in the office of the clerk of the city and county of New York on the 30th day of January, 1891, dismissing his complaint, with costs, after a trial at the New York Circuit before the court and a jury.

*Andrew Wesley Kent*, for the appellant.

*Samuel Untermeyer*, for the respondent.

INGRAHAM, J.:

The complaint in this action alleges that plaintiff is, and for many years has been, a broker engaged in the business of buying and selling real and personal property. That on or about the 2d of February, 1889, in the city of New York, he, at the defendant's request, introduced one Gottfried Krueger, then and now the president of the defendant, to one Robert Bliss, for the purpose of effecting a sale of the brewery of defendant, and that on the same

day, in the city of New York, the defendant agreed with plaintiff that if said Bliss, or his assigns, purchased defendant's brewery and business, defendant would pay plaintiff for his services as broker the usual commissions therefor; and that during the months of February, April, May, June and July, 1889, the plaintiff rendered to defendant, at defendant's request, services, in the city of New York and elsewhere, as defendant's broker, in effectuating such contemplated sale, which was, on or about the fifteenth of July, consummated by the purchase of the said brewing business by the United States Brewing Company, and that the plaintiff's services were reasonably worth the sum of $45,500, for which sum plaintiff demands judgment.

The plaintiff by his complaint thus establishes, for the purposes of this action, his relation to the defendant. He alleges that he was a broker; that he rendered services to defendant, as its broker, in effectuating the sale, and that such services were reasonably worth the sum for which he demands judgment; and to entitle him to recover in this action he must prove that he was employed by defendant as its broker, to render services as a broker; that he rendered such services, and that the value of such services was the sum for which he seeks to recover judgment. He cannot ask to recover upon the pleadings for any other or different service rendered to defendant, or for services rendered in another or different relation than that which he alleges in his complaint did exist.

In his testimony, to support his cause of action, the plaintiff testified that he told defendant that he was a broker, and that there were parties in New York, who represented English money, who were desirous of getting good breweries, and that they would pay good prices for them; that plaintiff had spoken to them about his, the defendant's, being the best, and that subsequently he, the plaintiff, introduced the president of the defendant to a Mr. Bliss, who acted as a representative of the American Brewing Company, who subsequently became the purchaser of the defendant's breweries.

The only express agreement as to plaintiff's compensation was a conversation which he had with the president of the company, at which he said: "Now, you will have another interview with Mr. Bliss; if there is any price named, as you know what the regular commissions are; but I want to arrange it so I get a liberal commission on

this matter," and he, the president of the defendant, said : "That is all right, Mr. Knauss, if we make any deal that is all right." This testimony sustains the allegation of the complaint, that the relation of the plaintiff to the defendant was that of a broker engaged in an endeavor to effectuate a sale of the defendant's property.

The rules of law that apply where a broker claims commissions from his principal must govern in the determination of this action. The complaint alleges, and the evidence proves, that on or about the 15th of July, 1889, the sale was consummated by the execution and delivery of a conveyance of the defendant's property to the United States Brewing Company ; the conveyances, however, being dated the 1st of April, 1889.

It appeared on the trial that on March 29, 1889, the plaintiff and Mr. Bliss, who had been acting for the purchasers, made an agreement whereby Mr. Bliss agreed to pay to plaintiff, for services rendered in regard to the purchase of the defendant's property and the Knauss property, the sum of $2,500, and that subsequently, on the 25th of July, 1889, the said sum of $2,500 was paid to the plaintiff by Bliss in pursuance of such agreement.

It was thus established by the evidence, and conceded by plaintiff, that at the time of the negotiation and the sale of this property by defendant, and during the time the plaintiff claimed to be acting as the broker of the defendant, and was engaged in rendering the services to the defendant as such broker for which he seeks to recover in this action, he had made an agreement, with the purchaser of the property, whereby he was to receive from such purchaser for the services rendered in negotiating the sale of the said property the sum of $2,500, and which sum was subsequently paid to him by such purchaser ; and the fact of the making of such contract with the purchaser, or that he was to receive compensation from the purchaser, was not communicated to the defendant. That the making of an agreement whereby the plaintiff was to receive compensation from the purchaser precluded him from recovering any compensation from defendant, as a broker in the transaction, is settled in this State. This rule has been applied in many cases.

In the case of *Murray* v. *Beard* (102 N. Y. 507), the court says : "An agent is held to be '*uberrima fides*' in his dealings with his principal; and if he acts adversely to his employer in any part of

the transaction, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon his principal as to forfeit any right to compensation for services. It is an elementary principle that an agent cannot take upon himself incompatible duties and characters or act in a transaction where he has an adverse interest or employment. In such a case he must necessarily be unfaithful to one or the other, as the duties which he owes to his respective principals are conflicting and incapable of faithful performance by the same person." (*Carman* v. *Beech*, 63 N. Y., 100 ; *Martin* v. *Bliss*, 57 Hun, 159.)

In this case the plaintiff went to the defendant, representing himself as a broker, and obtained employment as a broker to act for the defendant in effecting a sale of the defendant's property, and then went to the intended purchaser and secured from him an agreement to be paid by him for rendering the same services, concealing from each of his principals his relations to the other. That the officers of the defendant relied upon plaintiff appears from plaintiff's testimony, when he says he (the defendant's president) desired " not to go into the matter, that is, present the matter to others, unless he knew they were responsible persons, and I assured him that this party was a direct representative of the capitalists." The defendant, therefore, entered into the negotiations relying upon the assurances of the plaintiff as to the responsibility and character of those with whom he was to deal. It is clear, therefore, that, applying the principles which we have seen established in this State, the plaintiff was entitled to no compensation from defendant. The claim by plaintiff that he acted as a mere middleman, and not a broker, is negatived by his own complaint and by his own testimony upon the trial.

Without considering the other questions presented in this case, we are of the opinion that for the reasons above stated the complaint was properly dismissed, and it follows, therefore, that the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.