Di Falco, J.
Defendant was a buyer in the employ of Sears, Roebuck and Co. for many years. The present action is to recover from her gratuities received by her for the period from March 27,1947 to January 30,1955, when the defendant resigned from the plaintiff’s employ. During the trial it was established that the defendant received gratuities from various manufacturers and suppliers of merchandise to the plaintiff.
*625 Section 439 of the Penal Law states: “ 1. A person who gives, offers or promises to an agent, employee or servant of another, any gift or gratuity whatever, without the knowledge and consent of the principal, employer or master of such agent, employee or servant, with intent to influence such agent’s, employee’s or servant’s action in relation to his principal’s, employer’s or master’s business; or an agent, employee or servant who without the knowledge and consent of his principal, employer or master, requests or accepts a gift or gratuity or a promise to make a gift or to do an act beneficial to himself or to another, under an agreement or with an understanding that he shall act in any particular manner in relation to his principal’s, employer’s or master’s business, or receives a reward for having so acted; or an agent, employee or servant, who, being authorized to procure materials, supplies or other merchandise either by purchase or contract for or on account or the credit of his principal, employer or master, * * * receives directly or indirectly, for himself or for another, a commission, discount, gift, gratuity or bonus from the person who makes such sale or contract, or furnishes such materials, supplies or other merchandise, * * * is guilty of a misdemeanor and shall be punished by a fine of not more than five hundred dollars, or by imprisonment for not more than one year, or by both such fine and imprisonment. ’ ’
The defendant, having accepted employment by the plaintiff, must accept the limitation placed upon such employment as indicated by the public policy of the State, as set forth in section 439 of the Penal Law. This statute flatly forbids a purchasing agent from receiving from a seller any gratuities. The matter of knowledge or consent of the employer is eliminated from the transaction (People v. Davis, 160 N. Y. S. 769, 777). “ The statute is zealous to hanish the very appearance of evil, and requires of such an agent complete and unswerving devotion to his one master. Business experience demonstrates the necessity for such a statutory bulwark of fidelity. Without such a statute, under the fierce competition of modern life, purchasing agents and agents to employ labor can be lured all too readily into the service of hopelessly conflicting interests. * * Sound public policy, commercial honor, and the good faith of fiduciaries and trusted employes imperatively demand some such measure in the written law.” ,
The defendant, having concededly accepted gratuities in the sum of $12,500, must return such gratuities to her employer, for such moneys must be deemed to have been had and received on behalf of the plaintiff.
*626 The defendant in a counterclaim seeks to recover additional compensation by way of a bonus allegedly due her during the period of her employment. The defendant, having violated her duty to be loyal to the plaintiff, forfeits her right to compensation for services rendered by her (Lamdin v. Broadway Surface Adv. Corp., 272 N. Y. 133). As stated in Murray v. Beard (102 N. Y. 505, 508): “ An agent is held to uberrima fides in his dealings with his principal, and if he acts adversely to his employer in any part of the transaction, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon the principal, as to forfeit any right to compensation for services. (Story on Agency, §§ 31, 334; Story’s Eq. Jur. § 315; Ewell’s Evans on Agency, 268; Dunlap Paley on Agency, 105, 106; Carman v. Beach, 63 N. Y. 97, 100.) ” The counterclaim must, therefore, be dismissed.
Judgment is directed in favor of the plaintiff in the sum of $12,500, without costs or disbursements.