**TEXWOOD LIMITED, et al., Plaintiffs,**

v.

**Jordan GERBER, et al., Defendants.**

**No. 83 Civ. 0304 (WCC).**

United States District Court,
S.D. New York.

Nov. 12, 1985.

Kraver & Martin, New York City, Richard M. Kraver, Lewis S. Fischbein, Christopher Nolland, of counsel, for plaintiffs.

Spengler Carlson Gubar Brodsky & Frischling, New York City, Robert Knuts, of counsel, for defendants Joseph Schacter & Co. and Joseph Schacter.

Suzanne Antippas, New York City, for defendants Jordan Gerber and JoSo Consultants, Inc.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiffs commenced this action some three years ago alleging violations of the federal securities laws and the statutory and common law of the state of New York. This case is now before the Court on defendants' eleventh-hour motion, made pursuant to rule 12 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), to dismiss various counts of plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. As I write, it is literally the eve of trial.[1]

There are three plaintiffs in this action: Texwood Limited ("Texwood Ltd"), Texwood Incorporated ("Texwood USA"), and Drager Industries, Incorporated ("Drager"). Texwood Ltd is incorporated and has its principal place of business in Hong Kong. It owns all the stock of Texwood USA, a New York corporation with its principal place of business in Manhattan.

---

**1.** Defendants' motion was not filed until three working days before trial, and plaintiffs' opposing papers were received the day before trial which was a federal holiday (Veteran's Day). This opinion has thus been written under extraordinary time pressure. The motion would have been denied as untimely if it had not raised questions of federal jurisdiction which the Court must consider *sua sponte.*

Drager is also a New York corporation with its principal place of business in Manhattan.

On December 27, 1979, Texwood USA entered into an agreement ("the stock purchase agreement") to purchase 100 shares of Drager stock from Drager and from defendants Jordan Gerber ("Gerber") and Scott Drake ("Drake"), two officers, directors, and shareholders of Drager, for $496,633. Texwood alleges that in making this purchase it relied on fraudulent misrepresentations and material omissions concerning Drager's financial condition and business prospects, including financial statements and forecasts prepared by Drager's accountants, Joseph Schachter & Co. ("JS&C"). The complaint also names as defendants Joseph Schachter ("Schachter"), Lawrence J. Kaplan ("Kaplan"), and Richard J. Stone ("Stone"), three of the members of JS & C; JoSo Consultants, Incorporated ("JoSo"), a consulting firm of which Gerber and Drake apparently were the sole officers, directors, and shareholders; and James K. Wat ("Wat"), the officer or director of Texwood USA who was principally responsible for overseeing the operations of Drager and reporting to Texwood Ltd. All defendants except Wat are residents or entities of the state of New York. Wat is a resident of the state of California.

Plaintiffs' complaint sets forth eight counts against the various defendants. The first count alleges that defendants Gerber, Drake, JS & C, Schachter, Kaplan, Stone, and Wat induced plaintiffs to purchase 100 shares of Drager stock by making fraudulent misrepresentations and material omissions respecting Drager's financial condition and business prospects in violation of § 10(b) of the Securities Exchange Act of 1934 ("the '34 Act"), 15 U.S.C. § 78j(b) (1982), Securities and Exchange Commission rule 10b–5, 17 C.F.R. § 250.-10b–5 (1985), § 352–c of the General Business Law of the state of New York, N.Y.

Gen.Bus.Law § 352–c (McKinney 1984), and the common law of the state of New York. Count two alleges that defendants Gerber and Drake breached various warranties made in the stock purchase agreement. Count three alleges that JS & C, Schachter, Kaplan, and Stone were negligent in preparing Drager's 1978 and 1979 financial statements and Drager's 1980 financial forecasts on which Texwood USA relied in purchasing the Drager stock. Count four alleges that defendants Gerber and Drake utilized defendant JoSo to convert Drager assets for their personal use and enjoyment and that Gerber, Drake, and JoSo breached a consulting agreement between Drager and JoSo. Count five alleges that Gerber, Drake, Wat, JS & C, Schachter, Kaplan, and Stone breached fiduciary duties owed to Texwood Ltd. Counts six and seven allege that defendants Gerber, Drake, and JoSo gave, and defendant Wat accepted, commercial bribes in violation of §§ 180.03 and 180.08 of the Penal Law of the state of New York, N.Y. Penal Law §§ 180.03, 180.08 (McKinney Supp.1984–1985). Finally, count eight alleges that Gerber fraudulently induced Texwood USA and Drager to issue him certain releases on August 27, 1981.

■ Defendants have moved to dismiss Drager as a plaintiff because, although the caption on the second amended complaint implies that Texwood Ltd and Texwood USA have brought this suit as a derivative action on behalf of Drager,[2] the complaint does not include allegations required by Fed.R.Civ.P. 23.1 or § 626(c) of the Business Corporation Law of the state of New York, N.Y.Bus.Corp.Law § 626(c) (McKinney 1963). Most importantly, the complaint does not set forth that Texwood USA made a demand on Drager to bring an action in its own name on any of the claims asserted on its behalf, or that such a demand should be excused as futile.[3] More-

---

2. The caption on plaintiffs' second amended complaint reads: "TEXWOOD LIMITED and TEXWOOD INCORPORATED (U.S.A.), individually and derivatively on behalf of DRAGER INDUSTRIES, INC."

3. Since Texwood Ltd is not and has never been a Drager shareholder it could not under any circumstances bring a shareholder derivative suit on behalf of Drager.

over, as defendants correctly note, there is no reason to excuse the demand requirement under the facts of this case, since Texwood USA is the *sole* shareholder of Drager and presumably could secure compliance with a demand if one were made. For this reason, defendants' motion to dismiss all claims on behalf of Drager must be, and hereby is, granted.[4]

■ Second, although defendants have not raised this issue, it appears that Texwood Ltd should also be dismissed as a plaintiff in this case. The allegations of the complaint do not suggest that Texwood Ltd has any claims to assert against the defendants named in this action. The only connection between Texwood Ltd and the events giving rise to this lawsuit is that Texwood Ltd apparently gave or loaned Texwood USA the money to purchase the 100 shares of Drager stock and advanced money to Texwood USA to finance certain dealings with Drager after the stock purchase.[5] If Texwood USA has not repaid these sums, Texwood Ltd's action is against Texwood USA and is essentially unrelated to the claims asserted against the defendants in this suit. Consequently, Texwood Ltd must be, and hereby is, dismissed as a party plaintiff.

Finally, defendants question whether the Court has subject matter jurisdiction over some of plaintiff Texwood USA's claims.

Defendants concede that in count one Texwood USA properly alleges a cause of action under § 10(b) of the '34 Act, and, thus, they acknowledge that the Court has subject matter jurisdiction over that claim pursuant to § 27 of the '34 Act, 15 U.S.C. § 78aa (1982). However, this is the only federal question claim alleged in the complaint and therefore the Court has jurisdiction over the remaining claims alleged in the complaint only to the extent that they are pendent to the § 10(b) claim. Under *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966), a federal court may exercise pendent jurisdiction over a state law claim if (1) the state law claim and the anchoring federal claim derive from a "common nucleus of operative fact," and (2) the court decides that "considerations of judicial economy, convenience and fairness to [the] litigants" make exercise of that jurisdiction appropriate.

■ In view of these principles, it is clear that Texwood USA's state law claims in counts one, two, and three[6] are proper pendent claims. There is no dispute that they share a "common nucleus of operative fact" with its count one claim under the federal securities laws, and that Texwood USA "would ordinarily be expected to try them all in one judicial proceeding." *Id.* at 725, 86 S.Ct. at 1138.

**4.** I note that if Drager were a proper party to this action, the Court might have subject matter jurisdiction of its state law claims under the doctrine of pendent plaintiff jurisdiction. *Cf. e.g., Weinberger v. Kendrick,* 698 F.2d 61, 76–77 (2d Cir.1982) (approving pendent plaintiff jurisdiction in context of *settlement* of class claims under § 10(b)). *But see In re Investors Funding Corp. of N.Y. Sec. Litig.,* 523 F.Supp. 550, 560–62 (S.D.N.Y.1980) (disapproving pendent plaintiff jurisdiction in context of *litigation* of class claims under § 10(b)).

**5.** The Court can only surmise that Texwood Ltd was joined as a party plaintiff in a futile attempt to create jurisdiction over certain counts based on the supposed diversity of citizenship of the parties. This Court has held, however, that Hong Kong corporations are not citizens of a foreign state within the meaning of the diversity statute. *See Windert Watch Co., Inc. v. Remex Elecs. Ltd.,* 468 F.Supp. 1242, 1246 (S.D.N.Y.

1979); *but see Tetra Fin. (HK) Ltd. v. Shaheen,* 584 F.Supp. 847, 848–49 (S.D.N.Y.1984) (dictum).

**6.** Although defendants have not raised this point, I note that after carefully reading plaintiffs' complaint I am not convinced that plaintiffs have properly pleaded all three prerequisites for accountants' negligence liability under New York law. *See Credit Alliance Corp. v. Arthur Andersen & Co.,* 65 N.Y.2d 536, 483 N.E.2d 110, 493 N.Y.S.2d 435 (1985). Specifically, I am not sure that plaintiffs have pleaded "conduct on the part of the accountants linking them to [the relying party], which evinces the accountants' understanding of that party or parties' reliance." 65 N.Y.2d at 551, 483 N.E.2d at 118, 493 N.Y.S.2d at 443. If Texwood USA expects me to charge the jury on this count, it should produce proof at trial consonant with the holding of the New York Court of Appeals in *Credit Alliance.*

■ In concluding that Texwood USA's claims in counts one, two, and three are properly before the Court, I am not suggesting that Texwood USA will be able to assert the claims therein for $2,779,099 for the net losses incurred by Drager in 1979, 1980, and 1981. *See* SAC ¶¶ 57, 75, 81. These claims are properly Drager's, and I have dismissed Drager as a party plaintiff above. Perhaps in fear that the Court would reach such a disposition of Drager's claims, Texwood USA now argues in its memorandum of law submitted in opposition to defendants' motion to dismiss that these losses are its own. Texwood USA contends that after it purchased the Drager stock it extended between three and three and one-half million dollars in trade credit to Drager for which it has not been repaid. It suggests that these are the same losses that the complaint alleges were incurred by Drager. It argues that it extended this credit in reliance on the very same misrepresentations and omissions on which it had relied in purchasing the Drager stock and suggests that its claim for these losses is pendent to its federal securities claim.

Had Texwood USA alleged in its complaint what it now contends in its brief, these losses might properly be viewed as pendent to its federal securities claim. However, even after meticulously reading the complaint, I was unable to discern even a hint of this theory. This case is now almost three years old and Texwood USA has had three opportunities to set out the basis of its claims. After a plaintiff has had three bites at the apple, the defendants should be able to assume that the only claims the plaintiff will present at trial are those pleaded in its complaint. Even under the liberal rules of notice pleading, it is not too much to ask that critical allegations appear *somewhere* in the complaint. Accordingly, at trial, Texwood USA will be limited to proving the claim for $496,633 that it alleges in its second amended complaint.

■ Count four alleges that defendants Gerber and Drake utilized JoSo to convert Drager assets for their personal use and enjoyment and that Gerber, Drake, and JoSo breached a consulting agreement between Drager and JoSo. It is plain that Drager is the proper party to assert these claims since it was the party directly injured by the alleged acts. As I noted above, if Texwood USA wished to assert this claim on behalf of Drager, it had to make the appropriate demand under Fed.R. Civ.P. 23.1 and N.Y.Bus.Corp.Law § 626(c). It did not do so, and thus, like the rest of Drager's claims, the claim in count four must be dismissed.

Count five alleges that Gerber, Drake, Wat, JS & C, Schachter, Kaplan, and Stone breached fiduciary duties owed "to Texwood Limited, as the corporation that owned and controlled Texwood Incorporated and as the corporation that provided the $496,633 used to purchase 100 shares of Drager's stock and the corporation that manufactured and financed the jeans shipped through Texwood Incorporated to Drager." SAC ¶ 97. Whatever fiduciary duties these defendants owed, they owed them to Drager, or at the very most to Texwood USA, as a Drager creditor or shareholder. But there is no allegation that Texwood Ltd was ever a Drager creditor or shareholder; indeed there is no suggestion that it was ever in a position in which any of the defendants might have owed it a special duty. Thus, Texwood Ltd's claim in count five must be dismissed. Additionally, the breaches of fiduciary duty alleged in count five took place after Texwood USA's purchase of the Drager stock, and have no connection to the facts underlying Texwood USA's federal securities claim. Thus, to the extent Texwood USA asserts a claim in count five, it is not pendent to its securities claim and must be dismissed.

■ Counts six and seven allege that defendants Gerber, Drake, and JoSo gave, and defendant Wat accepted commercial bribes in violation of §§ 180.03 and 180.08 of the Penal Law of the state of New York. Plaintiff has not cited any authority for the proposition that a private right of action

exists under these sections. However, it appears that an employer may recover from its employee bribes taken in violation of § 180.08. *See, e.g., Sears, Roebuck & Co. v. Kelly,* 1 Misc.2d 624, 149 N.Y.S.2d 133 (Sup.Ct.N.Y.County 1956). Since there is diversity of citizenship between Texwood USA and defendant Wat, there is federal jurisdiction over the claim against him, but recovery will be limited to the amount of the bribes. However, the claim as to Gerber, Drake and JoSo must be dismissed. There is no diversity of citizenship between Texwood USA and these defendants, and since all of the acts complained of occurred after Texwood USA's purchase of Drager's stock, I do not believe the bribery claim is pendent to Texwood USA's federal securities claim. Additionally, the bribery claim cannot be pendent to Texwood USA's claim against Wat because the doctrine of pendent party jurisdiction cannot be used to overcome the requirement of complete diversity. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373–77, 98 S.Ct. 2396, 2492–04, 57 L.Ed.2d 274 (1978). For all of these reasons, count seven is dismissed.

Finally, count eight alleges that Gerber fraudulently induced Texwood USA and Drager to issue him certain releases on August 27, 1981. To the extent that this asserts a cause of action on behalf of Drager, it is dismissed for the reasons set forth above. To the extent it asserts a claim on behalf of Texwood USA, it is not pendent to Texwood USA's federal securities claim since all of the fraudulent misrepresentations Gerber is alleged to have made in connection with securing these releases occurred between August 15, 1981 and August 27, 1981, long after Texwood USA's purchase of Drager's stock. Accordingly, count eight is dismissed.

*Conclusion*

For the reasons set forth above, all claims asserted by or on behalf of Texwood Ltd and Drager are dismissed. Counts four, five, seven, and eight asserted by Texwood USA are also dismissed. On counts one, two, and three, Texwood USA

is limited to recovering the $496,633 it paid for the 100 shares of Drager stock. On count six, Texwood USA is limited to recovering the amount of any bribes accepted by Wat.

SO ORDERED.