Kolanu Partners, LLC, Plaintiff-Appellant,
against
Aaron Perry, Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (James E. d'Auguste, J.), entered March 24, 2015, which denied its motion for summary judgment and, upon searching the record, granted defendant summary judgment dismissing the complaint.




Per Curiam.
Order (James E. d'Auguste, J.), entered March 24, 2015, reversed, with $10 costs, complaint reinstated, and plaintiff's motion for summary judgment granted on the issue of liability only.
Defendant purchased a condominium apartment located on East 61st Street in Manhattan pursuant to a February 2005 Purchase Agreement with plaintiff, the condominium sponsor. The Purchase Agreement specifically incorporated by reference the Condominium Offering Plan and By-Laws (¶ 11.3), both of which state that plaintiff-sponsor will apply for a partial real estate tax abatement pursuant to RPTL 421-a and, if such exemption is granted, the unit owners "shall be required to reimburse Sponsor for all of Sponsor's costs in obtaining such [tax] exemption." It is not disputed that plaintiff applied for and successfully obtained the partial real estate tax exemption for the benefit of the unit owners. When defendant failed to pay his share of the costs of obtaining the abatement, plaintiff commenced this action seeking such costs, as well as attorneys' fees incurred in this action.
The documentary proof submitted by plaintiff was sufficient to establish a prima facie entitlement to summary judgment as to liability. In particular, the Purchase Agreement signed by defendant expressly incorporated by reference the Offering Plan and Condominium By-Laws, and these latter documents expressly require defendant to pay his pro rata share of the costs of obtaining the abatement.
Plaintiff is also entitled to recover its attorneys' fees. Paragraph 35 of the Purchase Agreement provides that the "Purchaser shall be obligated to reimburse Sponsor for any legal fees and disbursements incurred by Sponsor in defending Sponsor's rights under this agreement." Inasmuch the Offering Plan is incorporated into the Purchase Agreement "and made a part [*2][t]hereof with the same force and effect as if set forth [t]herein at length" (¶ 11.2), defendant's failure to reimburse plaintiff for the cost of obtaining the tax exemption pursuant to the Offering Plan constitutes a breach of the Purchase Agreement, thereby entitling plaintiff to attorneys' fees pursuant to Paragraph 35.
The motion court erred when it searched the record and granted defendant summary judgment dismissing the complaint on the ground that plaintiff lacked standing to commence the action. The defense of lack of standing was waived, since defendant did not assert it in his responsive pleading or preanswer motion to dismiss (see Consumer Solutions, LLC v Charles, 137 AD3d 952, 953 [2016]). Furthermore, a party's lack of standing does not constitute a jurisdictional defect and does not warrant sua sponte dismissal of the complaint by the court (see HSBC Bank USA, N.A. v Simmons, 125 AD3d 930, 931-932 [2015]).
Moreover, the lack of standing defense, even if timely raised, must be rejected on the merits. While the Offering Plan specified that a unit owner's pro rata share of the cost of obtaining the tax exemption "will be collected by the [Condominium] Board, as agent for the Sponsor," the Board effectively renounced and terminated such agency (see Restatement [Second] of Agency § 119). Specifically, in a November 9, 2011 letter to the unit owners, the Property Manager stated:

 "At the advice of the Board's Counsel and separately at the advice of independent counsel the Board retained solely in connection with this matter, it is the Board's position that the Board is not permitted by law to act as Sponsor's agent to collect any funds associated with the 421-a reimbursement requested by the Sponsor."

Thus, the agency was effectively terminated by the Board and there was no "unequivocal recognition by the parties thereafter of the existence of the agency" (Carman v Beach, 63 NY 97, 101 [1875]). Indeed, it is undisputed that the Board was steadfast in its refusal to act as Sponsor's agent in this matter and warned unit owners that the Sponsor would sue them directly, which Sponsor ultimately did. In the circumstances, the Board's refusal to collect the sums due the Sponsor should not serve as a blanket release insulating defendant from liability for an obligation otherwise shown to be due.
A hearing is required to determine defendant's pro rata share of the costs of obtaining the tax exemption as well as the amount of attorneys' fees incurred by plaintiff. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 15, 2016