■ U.S. BANK, NATIONAL ASSOCIATION, Appellant, v ARRIANA EMMANUEL et al., Defendants. [921 NYS2d 320]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated May 11, 2010, as denied its ex parte motion pursuant to CPLR 314 and 315, inter alia, to direct service upon the defendant Arriana Emmanuel by publication and, sua sponte, directed the dismissal of the complaint with prejudice and cancelled the notice of pendency.

Ordered that on the Court's own motion, the appeal from so much of the order as denied the plaintiff's ex parte motion is deemed an application pursuant to CPLR 5704 (a) to vacate so much of the order as denied the ex parte motion; and it is further,

Ordered that on the Court's own motion, the appeal from so much of the order as, sua sponte, dismissed the complaint with prejudice is deemed an application for leave to appeal from that

portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements; and it is further,

Ordered that the application pursuant to CPLR 5704 (a) is granted, without costs or disbursements, and the ex parte motion pursuant to CPLR 314 and 315 is granted.

The defendant Arriana Emmanuel (hereinafter the defendant) defaulted on her mortgage loan. On July 30, 2009, the plaintiff, allegedly the holder of the mortgage and note, commenced this action to foreclose the mortgage. In January 2010 the plaintiff moved ex parte pursuant to CPLR 314 and 315 to direct service upon the defendant by publication and for certain other related relief. The Supreme Court denied the motion without considering its merits and, sua sponte, directed the dismissal of the complaint with prejudice and cancelled the notice of pendency, concluding that the plaintiff lacked standing to commence the action. We reverse the order insofar as appealed from.

The proof submitted by the plaintiff in support of its motion demonstrated that service could not be made upon the defendant by another prescribed method with due diligence (*see* CPLR 315) and that she was evading service. Under these circumstances, the Supreme Court should have granted the ex parte motion, inter alia, for service by publication (*see Dime Sav. Bank of N.Y. v Mancini*, 184 AD2d 989, 990 [1992]; *cf. Contimortgage Corp. v Isler*, 48 AD3d 732, 734-735 [2008]; *State St. Bank & Trust Co. v Coakley*, 16 AD3d 403 [2005]; *OCI Mtge. Corp. v Murphy*, 258 AD2d 633 [1999]).

The Supreme Court improvidently exercised its discretion in, sua sponte, directing the dismissal of the complaint with prejudice and cancelling the notice of pendency (*see HSBC Bank USA, N.A. v Valentin*, 72 AD3d 1027, 1029-1030 [2010]). A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal (*see Rienzi v Rienzi*, 23 AD3d 450 [2005]). Here, the Supreme Court was not presented with any extraordinary circumstances warranting dismissal of the complaint. Rather, the plaintiff made an ex parte motion, inter alia, to direct service upon the defendant by publication. Rather than addressing the motion on its merits, the Supreme Court, sua sponte, directed dismissal of the complaint with prejudice and cancelled the notice of pendency, finding that the plaintiff lacked standing. Contrary to the Supreme Court's determination, a

party's lack of standing does not constitute a jurisdictional defect and does not warrant a sua sponte dismissal of the complaint by the court (*see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 243-244 [2007]). Dillon, J.P., Florio, Balkin and Eng, JJ., concur. **[Prior Case History: 27 Misc 3d 1220(A), 2010 NY Slip Op 50819(U).]**