■ WELLS FARGO BANK, N.A., Appellant, v RONNIE GIOIA et al., Respondents. [980 NYS2d 535]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated October 18, 2010, as, in effect, granted those branches of the motion of the defendant Carlotta Aneiro which were to vacate an order of reference of the same court (Bayne, J.) dated February 1, 2010, entered upon her default in answering the complaint and, thereupon, to dismiss the complaint insofar as asserted against her and, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant Ronnie Gioia and the cancellation of a certain notice of pendency filed against the subject property.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant Ronnie Gioia and the cancellation of a certain notice of pendency filed against the subject property is deemed an application for leave to appeal from those portions of the order, and leave to appeal from those portions of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the motion of the defendant Carlotta Aneiro which were to vacate the order of reference dated February 1, 2010, and, thereupon, to dismiss the complaint insofar as asserted against her are denied.

The Supreme Court abused its discretion when it, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant Ronnie Gioia and the cancellation of a certain notice of pendency filed against the subject property for lack of standing. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *Aurora Loan Servs., LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]). Here, the Supreme Court was not presented with any extraordinary circumstances warranting sua sponte dismissal of the complaint insofar as asserted against Gioia. Gioia did not appear in this action, answer the complaint, or move for any relief whatsoever. Furthermore, a party's lack of standing does not constitute a jurisdictional defect and does not warrant sua sponte dismissal of a complaint by the court (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]).

The Supreme Court also erred when it, in effect, granted those branches of the motion of the defendant Carlotta Aneiro which were to vacate an order of reference entered upon her default in answering the complaint and, thereupon, to dismiss the complaint insofar as asserted against her. To the extent that Aneiro moved to vacate her default pursuant to CPLR 5015 (a) (3) and (4), the process server's affidavit of service constituted prima facie evidence of proper service of the summons and complaint pursuant to CPLR 308 (1), and Aneiro's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (*see Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]; *see also Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724, 725 [2013]; *Reich v Redley*, 96 AD3d 1038 [2012]; *Deutsche Bank Natl. Trust Co. v Dixon*, 93 AD3d 630 [2012]). The record contains no evidence of fraud or misrepresentation, and an alleged lack of standing is not a jurisdictional defect (*see Deutsche Bank Natl. Trust Co. v Hunter*, 100 AD3d 810, 811 [2012]). Moreover, Aneiro was not entitled to relief pursuant to CPLR 5015 (a) (1), as she failed to set forth any reasonable excuse for her default, since the only excuse proffered was that she was not served with process (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 760 [2013]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d at 725). In the absence of a reasonable excuse, it is unnecessary to determine whether Aneiro demonstrated the existence of a potentially meritorious defense to the action (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d at 760; *Wells Fargo Bank v Malave*, 107 AD3d 880, 881 [2013]). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.