■ BANK OF NEW YORK, Appellant, v DENISE MULLIGAN et al., Defendants. [989 NYS2d 295]—

In an action to foreclose a mortgage, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated June 3, 2008, as denied its ex parte application for an order of reference and for leave to enter a default judgment against certain defendants, and (2) an order of the same court dated August 25, 2010, which denied its renewed application for an order of reference and for leave to enter a default judgment against certain defendants and, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of the notice of pendency filed against the subject real property.

Ordered that on the Court's own motion, the appeals from so much of the orders as denied the plaintiff's ex parte applications are deemed applications pursuant to CPLR 5704 (a) to modify those portions of the orders, and the applications are denied, as the plaintiff failed to submit an affidavit in accordance with CPLR 3215 (f) made by the plaintiff or an authorized agent of the plaintiff (*see HSBC Bank USA, N.A. v Betts*, 67 AD3d 735, 736 [2009]); and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated August 25, 2010, as, sua sponte, directed the dismissal of the complaint with prejudice and the cancellation of the notice of pendency filed against the subject real property is deemed an application for leave to appeal from those portions of the order, and leave to appeal from those portions of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated August 25, 2010, is modified, on the law, by deleting the provisions thereof directing dismissal of the complaint with prejudice and the cancellation of the notice of pendency filed against the subject real property; as so modified, the order dated August 25, 2010, is affirmed insofar as reviewed on the appeal, without costs or disbursements.

The Supreme Court erred when it, sua sponte, directed the dismissal of the complaint and the cancellation of the notice of pendency filed against the subject property for lack of standing (*see Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]). "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d

1047, 1048 [2011]; *see HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]). "[A] party's lack of standing does not constitute a jurisdictional defect and does not warrant sua sponte dismissal of a complaint by the court" (*HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *see Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048-1049). Here, the Supreme Court was not presented with any extraordinary circumstances warranting sua sponte dismissal of the complaint and cancellation of the notice of pendency. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.