■ BANK OF NEW YORK, as Trustee for the Certificateholders CWALT, INC. ALTERNATE LOAN TRUST 2005-58 MORTGAGE PASS-THROUGH CERTIFICATES, Appellant, v SWENDA A. CEPEDA, Respondent, et al., Defendants. [989 NYS2d 910]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated May 2, 2013, as denied that branch of its motion which was pursuant to RPAPL 1321 for an order of reference and, sua sponte, directed dismissal of the complaint and cancellation of the notice of pendency filed against the subject property.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint and the cancellation of the notice of pendency filed against the subject property is deemed an application for leave to appeal from those portions of the order, and leave to appeal from those portions of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was pursuant to RPAPL 1321 for an order of reference is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith before a different justice.

The Supreme Court erred in denying that branch of the plaintiff's motion which was pursuant to RPAPL 1321 for an order of reference. In support of its unopposed motion, the plaintiff submitted documentary proof showing that the defendants failed to answer the complaint within the time allowed, that it was the holder of the mortgage and note, that the mortgagor defaulted thereon, and that, as a preliminary step in obtaining a judgment of foreclosure, the appointment of a referee to compute the amount due on the mortgage would be proper (see RPAPL 1321; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 816 [2013]; Bank of N.Y. v Alderazi, 99 AD3d 837, 837-838 [2012]; Aurora Loan Servs., LLC v Shahmela Shah Sookoo, 92 AD3d 705, 707 [2012]).

Moreover, the Supreme Court abused its discretion in, sua sponte, directing dismissal of the complaint and the cancellation of the notice of pendency filed against the subject property for lack of standing. A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal (see HSBC Bank USA, N.A. v Taher, 104 AD3d at 817; Aurora Loan Servs., LLC v Sobanke, 101 AD3d 1065, 1066 [2012]; U.S. Bank, N.A. v Em-

*manuel*, 83 AD3d 1047, 1048 [2011]). Here, the Supreme Court was not presented with extraordinary circumstances warranting sua sponte dismissal of the complaint and cancellation of the notice of pendency. Since the defendants did not answer the complaint and did not make pre-answer motions to dismiss the complaint, they waived the defense of lack of standing (*see Freedom Mtge. Corp. v Toro*, 113 AD3d 815 [2014]; *JP Morgan Mtge. Acquisition Corp. v Hayles*, 113 AD3d 821 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Bank of N.Y. v Alderazi*, 99 AD3d at 838). Furthermore, a party's lack of standing does not constitute a jurisdictional defect and does not warrant a sua sponte dismissal of the complaint by the court (*see Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Bank of N.Y. v Alderazi*, 99 AD3d at 838; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048-1049).

Under the circumstances of this case, and in light of our past admonition in *HSBC Bank USA, N.A. v Taher* (104 AD3d 815 [2013]), we deem it appropriate to remit the matter to the Supreme Court, Kings County, for further proceedings before a different justice. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.