■ HSBC Bank USA, N.A., as Trustee for Home Equity Loan Trust Series ACE 2006-HEI, Appellant, v Millian Forde, Respondent, et al., Defendants. [2 NYS3d 561]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), entered February 26, 2014, which denied its motion to vacate an order of reference of the same court (Ambrosio, J.) dated September 9, 2009, and for the issuance of a new order of reference, and, sua sponte, directed the dismissal of the complaint and cancelled a notice of pendency filed against the subject real property.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint and cancelled a notice of pendency filed against the subject real property, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the plaintiff's motion to vacate the order of reference dated September 9, 2009, and for the issuance of a new order of reference is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different Justice.

In August 2005, the defendant Millian Forde executed a note, pursuant to which he promised to repay the sum of $370,000 that he borrowed from Fremont Investment and Loan (hereinafter Fremont). The note was indorsed by a Fremont vice-president and was made payable to HSBC Bank USA, N.A. (hereinafter the plaintiff). The note was secured by a mortgage on Forde's real property located on Vermont Street in Brooklyn. In February 2008, the plaintiff commenced this action to fore-

close the mortgage, alleging that Forde defaulted on his loan repayment obligations. Forde was personally served with the summons and complaint on April 4, 2008. He did not appear in the action, interpose an answer, or otherwise move with respect to the complaint. On September 9, 2009, the Supreme Court signed an order of reference pursuant to RPAPL 1321. In December 2013, the plaintiff moved to vacate the order of reference and for the issuance of a new order of reference to comply with the review and verification of mortgage documents required by Administrative Order 548-10, which was issued by the Chief Administrative Judge of the State of New York on October 20, 2010, and amended by Administrative Order 431-11. The Administrative Order was not in effect at the time the 2009 order of reference was issued. Forde, although served with a copy of the plaintiff's motion, did not respond to it. In the order appealed from, the Supreme Court denied the plaintiff's unopposed motion and, sua sponte, directed the dismissal of the complaint and cancelled the notice of pendency on the ground that the plaintiff lacked standing.

The Supreme Court should have granted the plaintiff's motion to vacate the 2009 order of reference and for the issuance of a new order of reference. The plaintiff was entitled to a new order of reference inasmuch as, in support of its motion, it submitted documentary proof including the mortgage, the unpaid note containing an indorsement from Fremont to the plaintiff, the complaint setting forth the facts establishing its claim, and an affidavit of merit from its mortgage servicer, sworn to on October 11, 2013, attesting to Forde's default, and Forde neither answered the complaint nor responded to the motion (see RPAPL 1321; *Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]; *US Bank, N.A. v Boyce*, 93 AD3d 782 [2012]).

Furthermore, the Supreme Court improperly, sua sponte, directed dismissal of the complaint and cancellation of the notice of pendency (see *Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817). "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]). Here, the Supreme Court was not presented with any extraordinary circumstances warranting sua sponte dismissal of the complaint. In fact, because Forde failed to answer the complaint and did not make a pre-answer motion to dismiss the complaint, he waived the defense of lack of stand-

ing (see CPLR 3211 [e]; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566 [2014]; *Wells Fargo Bank, N.A. v Gioia*, 114 AD3d at 766; *Onewest Bank, FSB v Fernandez*, 112 AD3d 681 [2013]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817).

For the reasons set forth in *Deutsche Bank Natl. Trust Co. v Islar* (122 AD3d at 567), we remit the matter to the Supreme Court, Kings County, for further proceedings before a different Justice. Dillon, J.P., Leventhal, Chambers and Duffy, JJ., concur.