■ HSBC Bank USA, National Association, Appellant, v Sherrilyn Simmons et al., Defendants. [5 NYS3d 175]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated December 16, 2013, which denied its motion for leave to enter a judgment of foreclosure and sale incorporating the findings in a report of a referee dated August 26, 2013, and, sua sponte, (a) vacated an order of the same court (Knipel, J.)

dated August 6, 2013, granting the plaintiff's motion, in effect, to hold the defendants in default upon their failure to appear or answer, and referred the matter to a referee, among other things, to compute the amount owed to the plaintiff, and (b) directed the dismissal of the complaint and the cancellation of the notice of pendency filed against the subject property.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, vacated the order dated August 6, 2013, and directed the dismissal of the complaint and the cancellation of the notice of pendency is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal from those portions of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated December 16, 2013, is reversed, on the law, without costs or disbursements, and the plaintiff's motion for leave to enter a judgment of foreclosure and sale incorporating the findings in the report of the referee dated August 26, 2013, is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings on the complaint before a different Justice.

The Supreme Court had no authority to vacate an order dated August 6, 2013, and signed by another Justice of the court, which granted the plaintiff's motion, in effect, to hold the defendants in default for failure to appear or answer, and referred the matter to a referee. "Pursuant to CPLR 5019 (a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party, or is inconsistent with the decision upon which it is based" (Adams v Fellingham, 52 AD3d 443, 444 [2008]; see CPLR 5019 [a]; Matter of Rospigliosi v Abbate, 31 AD3d 648, 650 [2006]). However, "a trial court has no revisory or appellate jurisdiction, sua sponte, to vacate" an order or judgment of the same court (Merriwether v Osborne, 66 AD3d 851, 852 [2009]; see Johnson v Societe Generale S.A., 94 AD3d 663, 664-665 [2012]; Matter of Rospigliosi v Abbate, 31 AD3d at 650; Matter of Owens v Stuart, 292 AD2d 677, 678-679 [2002]). Accordingly, the Supreme Court erred in, sua sponte, vacating the order dated August 6, 2013.

Moreover, the Supreme Court abused its discretion in, sua sponte, directing the dismissal of the complaint and the cancellation of the notice of pendency filed against the subject property, based on its conclusion that the plaintiff lacked standing. A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances ex-

ist to warrant dismissal (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *Aurora Loan Servs., LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]). Here, the Supreme Court was not presented with extraordinary circumstances warranting the sua sponte dismissal of the complaint and cancellation of the notice of pendency. Since the defendants did not answer the complaint, and did not make a pre-answer motion to dismiss the complaint, they waived the defense of lack of standing (*see JP Morgan Mtge. Acquisition Corp. v Hayles*, 113 AD3d 821, 822 [2014]; *Freedom Mtge. Corp. v Toro*, 113 AD3d 815 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]). Furthermore, a party's lack of standing does not constitute a jurisdictional defect and does not warrant a sua sponte dismissal of the complaint by the court (*see Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Bank of N.Y. v Alderazi*, 99 AD3d at 838; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048-1049).

The Supreme Court also erred in denying the plaintiff's motion for leave to enter a judgment of foreclosure and sale incorporating the findings set forth in a report of the referee dated August 26, 2013. On its initial motion, which was, in effect, to hold the defendants in default and for an order of reference, the plaintiff established its entitlement to judgment as a matter of law. On its subsequent motion, which was for leave to enter a judgment of foreclosure and sale incorporating the findings set forth in the referee's report, the plaintiff established the amount due under the note by submitting that report. The defendants did not oppose the plaintiff's motion. Accordingly, the plaintiff's motion for leave to enter a judgment of foreclosure and sale incorporating those findings should have been granted (*see* 3-27 Bruce J. Bergman, Bergman on New York Mortgage Foreclosures § 27.06 [2] [a] [2014]; RPAPL 1321; *HSBC Bank USA v Martin-Lloyd*, 45 Misc 3d 1203[A], 2014 NY Slip Op 51432[U] [Sup Ct, Kings County 2014]).

Since Justice Arthur Schack continues to ignore this Court's precedent, as articulated in *Wells Fargo Bank Minn., N.A. v Mastropaolo* (42 AD3d 239 [2007]), holding that the defense of lack of standing is waived if not raised by the defendant in an answer or pre-answer motion to dismiss (*see Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048-1049; *cf. Bank of N.Y. v Cepeda*, 120 AD3d 451, 452 [2014]; *Bank of N.Y. v Mulligan*, 119 AD3d 716, 716

[2014]; *Wells Fargo Bank, N.A. v Gioia*, 114 AD3d at 767), we deem it appropriate to remit the matter to the Supreme Court, Kings County, for further proceedings on the complaint before a different Justice. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.