■ US Bank National Association, Appellant, v Kawan D. Flowers et al., Respondents. [11 NYS3d 186]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated February 24, 2014, as (a) denied that branch of its motion which was pursuant to RPAPL 1321 for an order of reference and (b), sua sponte, directed the dismissal of the complaint without prejudice and the cancellation of a notice of pendency filed against the subject property.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint and the cancellation of the notice of pendency is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal from those portions of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was pursuant to RPAPL 1321 for an order of reference is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith before a different Justice.

The Supreme Court erred in denying that branch of the plaintiff's motion which was pursuant to RPAPL 1321 for an

order of reference. In support of its unopposed motion, the plaintiff submitted documentary proof showing, inter alia, that the defendants failed to answer the complaint within the time allowed, that it was the holder of the mortgage and note, that the mortgagor defaulted thereon, and that, as a preliminary step in obtaining a judgment of foreclosure, the appointment of a referee to compute the amount due on the mortgage would be proper (*see* RPAPL 1321; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 837-838 [2012]; *Aurora Loan Servs., LLC v Shahmela Shah Sookoo*, 92 AD3d 705, 707 [2012]; *Emigrant Mtge. Co., Inc. v Fisher*, 90 AD3d 823, 824 [2011]).

Moreover, the Supreme Court erred in, sua sponte, directing the dismissal of the complaint and the cancellation of the notice of pendency filed against the subject property for lack of standing. " 'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal' " (*HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817, quoting *U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Aurora Loan Servs., LLC v Sobanke*, 101 AD3d 1065, 1066 [2012]). Here, the Supreme Court was not presented with extraordinary circumstances warranting the sua sponte dismissal of the complaint and the cancellation of the notice of pendency. Since the defendants did not answer the complaint and did not make pre-answer motions to dismiss the complaint, they waived the defense of lack of standing (*see JP Morgan Mtge. Acquisition Corp. v Hayles*, 113 AD3d 821 [2014]; *Freedom Mtge. Corp. v Toro*, 113 AD3d 815 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Bank of N.Y. v Alderazi*, 99 AD3d at 838; *CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). In any event, a party's lack of standing does not constitute a jurisdictional defect and does not warrant a sua sponte dismissal of the complaint by the court (*see Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *Bank of N.Y. v Alderazi*, 99 AD3d at 838; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048-1049).

Since Justice Arthur Schack continues to ignore this Court's precedent, as articulated in *Wells Fargo Bank Minn., N.A. v Mastropaolo* (42 AD3d 239 [2007]), holding that the defense of lack of standing is waived if not raised by the defendant in an answer or pre-answer motion to dismiss (*see Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *U.S. Bank, N.A. v Emmanuel*,

83 AD3d at 1048-1049; *cf. Bank of N.Y. v Cepeda*, 120 AD3d 451, 452 [2014]; *Bank of N.Y. v Mulligan*, 119 AD3d 716, 716 [2014]; *Wells Fargo Bank, N.A. v Gioia*, 114 AD3d at 767), we deem it appropriate to remit the matter to the Supreme Court, Kings County, for further proceedings on the complaint before a different Justice. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.