■ ONEWEST BANK, FSB, Successor in Interest from the FDIC CONSERVATORSHIP OF INDYMAC BANK, FSB, Appellant, v VICTOR E. PRINCE et al., Defendants. [14 NYS3d 66]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated October 18, 2012, which denied that branch of its unopposed motion which was for an order of reference and, in effect, denied those branches of the motion which were for summary judgment on the complaint, to strike the answers of the defendants Victor E. Prince and Bridget Claxton, and for leave to amend the caption, and, sua sponte, directed the dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's unopposed motion for an order of reference, for summary judgment on the complaint, to strike the answers of the defendants Victor E. Prince and Bridget Claxton, and for leave to amend the caption is granted.

The Supreme Court improperly, sua sponte, directed the dismissal of the complaint on the ground that the plaintiff lacked standing. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see U.S. Bank N.A. v Polanco*, 126 AD3d 883 [2015]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841 [2015]; *Bank of N.Y. v Castillo*, 120 AD3d 598 [2014]). Here, the Supreme Court was not presented with extraordinary circumstances warranting the sua sponte dismissal of the complaint (*see HSBC Bank USA, N.A. v Simmons*, 125 AD3d 930, 932 [2015]; *Onewest Bank, FSB v Fernandez*, 112 AD3d 681, 682 [2013]). Since the defendants Victor E. Prince and Bridget Claxton did not raise the defense of lack of standing in their answers and did not make pre-answer motions to dismiss the complaint on that ground, they waived the issue (*see JPMorgan Chase Bank, N.A. v Bauer*, 92 AD3d 641, 642 [2012]; *CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]). Moreover, a party's lack of standing does not constitute a jurisdictional defect and does not warrant a sua sponte dismissal of the complaint by the court (*see HSBC Bank USA, N.A. v Simmons*, 125 AD3d at 932; *Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048).

Moreover, the Supreme Court erred in denying that branch of the plaintiff's unopposed motion which was for an order of reference and, in effect, denying those branches of the motion which were for summary judgment on the complaint, to strike the answers of the defendants Victor E. Prince and Bridget Claxton, and for leave to amend the caption. "Generally, a plaintiff in a mortgage foreclosure action is entitled to summary judgment if it establishes the existence of a mortgage, an unpaid note, and the defendant's default, and the defendant

fails to raise a triable issue of fact in opposition" (*PNC Bank, N.A. v Klein*, 125 AD3d 953, 954 [2015]; *see NationStar Mtge., LLC v Silveri*, 126 AD3d 864 [2015]; *Wachovia Bank, N.A. v Carcano*, 106 AD3d 724, 725 [2013]; *Swedbank, AB, N.Y. Branch v Hale Ave. Borrower, LLC*, 89 AD3d 922, 923 [2011]). Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by producing the mortgage, unpaid note, and evidence of default (*see NationStar Mtge., LLC v Silveri*, 126 AD3d 864 [2015]). Since no opposition was filed, the defendants failed to raise a triable issue of fact (*see Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841 [2015]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044, 1045 [2012]). Accordingly, the Supreme Court should have granted the motion (*see NationStar Mtge., LLC v Silveri*, 126 AD3d 864 [2015]; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 567 [2014]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044, 1045 [2012]; *HSBC Bank USA, NA v Schwartz*, 88 AD3d 961, 961 [2011]; *Wells Fargo Bank Minn., N.A. v Perez*, 41 AD3d 590, 590 [2007]). Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.