■ FCDB FF1 2008-1 Trust, Appellant, v Ivars Videjus, Respondent, et al., Defendants. [17 NYS3d 54]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated October 28, 2013, which denied its motion for, inter alia, an order of reference and, sua sponte, directed the dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination of the merits of the plaintiff's motion and for further proceedings on the complaint before a different Justice.

The Supreme Court abused its discretion in, sua sponte, directing the dismissal of the complaint for lack of standing. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (HSBC Bank USA, N.A. v Simmons, 125 AD3d 930, 931-932 [2015]; see HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817 [2013]; U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]). Here, the Supreme Court was not presented with extraordinary circumstances warranting the sua sponte dismissal of the complaint. Since the defendants, including Ivars Videjus, did not answer the complaint, and did not make a pre-answer motion to dismiss the complaint, they waived the defense of lack of standing (see Bank of N.Y. Mellon Trust Co. v McCall, 116 AD3d 993 [2014]; HSBC Bank USA, N.A. v Taher, 104 AD3d at 817; Capital One, N.A. v Knollwood Props. II, LLC, 98 AD3d 707, 708 [2012]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 244 [2007]). Furthermore, a party's lack of standing does not constitute a jurisdictional defect and does not warrant sua sponte dismissal of a complaint (see HSBC Bank USA, N.A. v Taher, 104 AD3d at 817; Bank of N.Y. v Alderazi, 99 AD3d 837, 838 [2012]; U.S. Bank, N.A. v Emmanuel, 83 AD3d at 1048-1049).

Since Justice Arthur Schack continues to ignore this Court's precedent, as articulated in *Wells Fargo Bank Minn., N.A. v Mastropaolo* (42 AD3d at 240), holding that the defense of lack of standing is waived if not raised by the defendant in an answer or pre-answer motion to dismiss (*see US Bank N.A. v Flowers*, 128 AD3d 951, 952-953 [2015]; *HSBC Bank USA, N.A. v Simmons*, 125 AD3d at 932; *HSBC Bank USA, N.A. v Forde*, 124 AD3d 840, 842 [2015]; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]; *Bank of N.Y. v Cepeda*, 120 AD3d 451, 453 [2014]; *Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817-818; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048-1049), we deem it appropriate to remit the matter to the Supreme Court, Kings County, for a determination of the merits of the plaintiff's motion and further proceedings on the complaint before a different Justice. Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.