■ CONSUMER SOLUTIONS, LLC, Appellant, v JEREMY CHARLES et al., Defendants. [27 NYS3d 216]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated January 13, 2014, which denied its unopposed motion to confirm a referee's report and for a judgment of foreclosure and sale, and, sua sponte, directed vacatur of the order of reference, dismissal of the complaint, and discharge of the notice of pendency.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed vacatur of the order of reference, dismissal of the complaint, and

discharge of the notice of pendency is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the plaintiff's motion, and further proceedings consistent herewith, before a different Justice.

The Supreme Court erred in, sua sponte, directing the dismissal of the plaintiff's complaint and discharge of the notice of pendency against the subject property for lack of standing. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]). Here, the Supreme Court was not presented with any extraordinary circumstances warranting sua sponte dismissal of the complaint and discharge of the notice of pendency. Since the defendants did not answer the complaint and did not make pre-answer motions to dismiss the complaint, they waived the defense of lack of standing (*see HSBC Bank USA, N.A. v Forde*, 124 AD3d 840, 841 [2015]; *Bank of N.Y. v Cepeda*, 120 AD3d 451, 453 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]). Furthermore, a party's lack of standing does not constitute a jurisdictional defect and does not warrant sua sponte dismissal of a complaint by the court (*see HSBC Bank USA, N.A. v Simmons*, 125 AD3d 930, 932 [2015]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048).

Since Justice Arthur Schack continues to ignore this Court's precedent, as articulated in *Wells Fargo Bank Minn., N.A. v Mastropaolo* (42 AD3d 239 [2007]), holding that the defense of lack of standing is waived if not raised by the defendant in an answer or pre-answer motion to dismiss (*see US Bank N.A. v Flowers*, 128 AD3d 951 [2015]; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d at 817; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048), we deem it appropriate to remit the matter to the Supreme Court, Kings County, for a new determination of the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and for further proceedings consistent herewith, before a different Justice. Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.