Bank of N.Y. Mellon Trust Co. v Loodus (2018 NY Slip Op 02591)





Bank of N.Y. Mellon Trust Co. v Loodus


2018 NY Slip Op 02591


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-08137
2016-10095
 (Index No. 49412/09)

[*1]Bank of New York Mellon Trust Company, etc., respondent, 
v
Marilyn T. Loodus, appellant.


Fred M. Schwartz, Smithtown, NY, for appellant.
Sheldon May & Associates, P.C. (Stim & Warmuth, P.C., Farmingville, NY [Glenn P. Warmuth], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated May 4, 2016, which granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and denied the defendant's cross motion to vacate a referee's report and dismiss the complaint, and (2), as limited by its brief, from so much of an order and judgment (one paper) of the same court entered June 9, 2016, as granted that branch of the plaintiff's motion which was to confirm the referee's report, and is in favor of the plaintiff and against the defendant directing a foreclosure and sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review [*2]on the appeal from the order and judgment (see CPLR 5501[a][1]).
The defendant executed a note and mortgage in the amount of $488,700. The mortgage was secured by residential property located in Ronkonkama. After the defendant defaulted on her obligations under the note and mortgage, the plaintiff commenced this action to foreclose the mortgage. The defendant failed to timely answer the complaint. On March 25, 2011, the plaintiff filed a request for judicial intervention. Thereafter, the defendant moved to compel the plaintiff to accept a late answer. The Supreme Court denied the defendant's motion, finding that she failed to establish a reasonable excuse for her default. Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. The defendant cross-moved to dismiss the complaint and, in effect, to vacate her default. In an order dated February 25, 2014, the court granted the plaintiff's motion and denied the defendant's cross motion.
Subsequently, the plaintiff moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved to dismiss the complaint and to vacate the referee's report. In an order dated May 4, 2016, the Supreme Court granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and denied the defendant's cross motion. In an order and judgment of foreclosure and sale, the court, among other things, granted that branch of the plaintiff's motion which was to confirm the referee's report and directed the foreclosure and sale of the property.
Contrary to the defendant's contentions, the Supreme Court properly granted those branches of the plaintiff's motion which were for a judgment of foreclosure and sale and to confirm the referee's report. On its initial motion, inter alia, for leave to enter a default judgment and for an order of reference, the plaintiff established its entitlement to judgment as a matter of law (see CPLR 3215[f]; HSBC Bank USA, N.A. v Simmons, 125 AD3d 930, 932). On its subsequent motion, which was, inter alia, for a judgment of foreclosure and sale and to confirm the referee's report, the plaintiff established the amount due under the note by submitting that report (see HSBC Bank USA, N.A. v Simmons, 125 AD3d at 932).
The defendant's contention that the affidavit submitted in support of the plaintiff's motion, inter alia, for a judgment of foreclosure and sale was insufficient to prove the defendant's default on the loan is without merit. As noted above, the plaintiff already established its entitlement to judgment as a matter of law on its motion for a default judgment and an order of reference (see id.).
The Supreme Court properly denied that branch of the defendant's cross motion which was to dismiss the complaint since, by virtue of having failed to vacate her default in the action, the defendant is deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them (see 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 769; Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804, 806). The court also properly denied that branch of the defendant's cross motion which was to vacate the referee's report (see RPAPL 1321).
The defendant's contentions regarding the plaintiff's compliance with Administrative Order 548/10 of the Chief Administrative Judge of the Courts were not raised before the Supreme Court and are, therefore, improperly raised for the first time on appeal and not properly before this Court (see Flagstar Bank, FSB v Titus, 120 AD3d 469, 470).
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court