Specialized Prods. & Servs., Inc. v Steelbro Intl. Co., Inc. (2018 NY Slip Op 03725)





Specialized Prods. & Servs., Inc. v Steelbro Intl. Co., Inc.


2018 NY Slip Op 03725


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-12434
 (Index No. 11164/10)

[*1]Specialized Products and Services, Inc., respondent,
v
Steelbro International Co., Inc., appellant.


Steven Cohn, P.C., Carle Place, NY (Mitchell R. Goldklang of counsel), for appellant.
Grover & Fensterstock P.C., New York, NY (Simon B. Landsberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (John M. Galasso, J.), entered November 30, 2015. The judgment, insofar as appealed from, after a nonjury trial, is in favor of the plaintiff and against the defendant awarding the plaintiff counsel fees in the sum of $49,160.76.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment that does not award the plaintiff counsel fees.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. After a nonjury trial, the Supreme Court entered a judgment in favor of the plaintiff and against the defendant awarding the plaintiff damages, costs, and counsel fees. The defendant appeals from so much of the judgment as awarded the plaintiff counsel fees in the sum of $49,160.76.
The Supreme Court improperly awarded the plaintiff counsel fees. Counsel fees may not be recovered unless an award is authorized by agreement between the parties, by statute, or by court rule (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5; Levine v Infidelity, Inc., 2 AD3d 691). In this case, no agreement between the parties included a provision authorizing an award of counsel fees to the plaintiff for prevailing in this action (see generally Hooper Assoc. v AGS Computers, 74 NY2d 487). The plaintiff contends on appeal that the award of counsel fees may be justified as an award of sanctions for frivolous conduct pursuant to 22 NYCRR § 130-1.1(a). However, the plaintiff never alleged before the Supreme Court that the defendant had engaged in frivolous conduct, and the court did not specify in a written decision the reason for its award. Therefore, the plaintiff's contention is improperly raised for the first time on appeal and not properly before this Court (see Bank of N.Y. Mellon Trust Co. v Loodus, ____ AD3d ____, 2018 NY Slip Op 02591 [2d Dept 2018]; Flagstar Bank, FSB v Titus, 120 AD3d 469, 470).
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court