Wells Fargo Bank, N.A. v Halberstam (2018 NY Slip Op 07485)





Wells Fargo Bank, N.A. v Halberstam


2018 NY Slip Op 07485


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-07656
 (Index No. 506916/14)

[*1]Wells Fargo Bank, N.A., appellant, 
v
Renee Halberstam, et al., defendants.


Cohn & Roth, Mineola, NY (Michael Nayar of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 15, 2015. The order denied the plaintiff's unopposed motion for leave to enter a default judgment, for an order of reference, and to amend the caption.
ORDERED that the order is reversed, on the law, without costs or disbursements, the plaintiff's motion for leave to enter a default judgment, for an order of reference, and to amend the caption is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith, before a different Justice.
The plaintiff commenced this action against the defendants Renee Halberstam and Usher Halberstam, also known as Usher A. Halberstam (hereinafter together the defendants), among others, to foreclose a mortgage on residential property located in Brooklyn. The defendants failed to timely appear or answer the complaint. Subsequently, the plaintiff moved, without opposition, for leave to enter a default judgment, for an order of reference, and to amend the caption. The Supreme Court denied the motion.
A plaintiff is entitled to a default judgment and an order of reference where it submits proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear (see CPLR 3215[f]; RPAPL 1321; Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811, 813; see also Wells Fargo Bank, NA v Emma, 161 AD3d 1131, 1132; Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 968; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858-859; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 816). Here, the plaintiff made the requisite showing. The plaintiff also demonstrated that the caption should be amended (see Wells Fargo Bank, N.A. v Mayen, 155 AD3d at 813). Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment, for an order of reference, and to amend the caption.
Contrary to the Supreme Court's conclusion, under this Court's well-established precedent, as articulated in Wells Fargo Bank Minn., N.A. v Mastropaolo (42 AD3d 239), the defense of lack of standing is waived if not raised by the defendant in an answer or pre-answer motion to dismiss. Accordingly, by failing to answer the complaint or to make a pre-answer motion to dismiss the complaint, the defendants waived the defense of lack of standing (see Wells Fargo Bank, NA v Emma, 161 AD3d at 1132; HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944; US [*2]Bank N.A. v Singer, 145 AD3d 1057, 1059), and it was inappropriate for the court to raise that affirmative defense sua sponte (see e.g. JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 780-781;US Bank N.A. v Flowers, 128 AD3d 951, 952; HSBC Bank USA, N.A. v Simmons, 125 AD3d 930, 932; HSBC Bank USA, N.A. v Forde, 124 AD3d 840, 841-842; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566, 567-568). Under the circumstances of this case, we remit the matter to the Supreme Court, Kings County, for further proceedings before a different Justice.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court